ORDER ON MOTION TO DISMISS. PERSONAL JURISDICTION
ANITA DUPRIS, Chief Judge.
PROCEDURAL HISTORY
1. The Complaint in the case before us was filed on January 16, 2002 by Christopher Abeita, the spokesman of the named Plaintiffs. The Mohegan Tribal Police Department served the named Defendants copies of the Complaint along with the Notice and Summons on January 18, 2002.
*479 2. On January 25, 2002 the named Defendants (hereinafter CoE), through their spokesman, Helen Avalos, filed an Answer and Petition for Writ of Mandamus and for Declaratory Injunctive Relief (hereinafter “Answer”). In the same pleading the Defendants also designated a portion as a Cross-Claim against Sandra Eichelberg, Assistant Director of Arts and Research.
3. On January 25, 2002 the Plaintiffs filed a Motion for Emergency Order, alleging the Defendants were attempting to interfere with the Mohegan Tribe’s (hereinafter Tribe) enrollment records currently in the custody of Ms. Sandra Eichelberg and her staff. The Plaintiffs asked the Court to take custody of the enrollment department and its records pending the resolution of the instant case.
4. On January 25, 2002 the Defendants filed proof of sendee of the Answer and Petition for Writ of Mandamus and Declaratory Injunctive Relief on Mark Brown, Tribal Chairman, Tom Acevedo, Tribal Chief of Staff, and Dale White, General Counsel for the Mohegan Tribal Council (hereinafter MTC).
5. On January 28, 2002 the Court scheduled a hearing on February 7, 2002 to hear the Plaintiffs’ Motion for Emergency Order.
6. Prior to the hearing both Dale White and Henry Buffalo, Jr. filed Notices of Appearance on behalf of the MTC, Chairman Brown, and Ms. Eichelberg. Mr. Buffalo appears pro hoc vice.
7. On February 4, 2002 Mr. Buffalo, on behalf of his clients, filed a Motion to Dismiss for Lack of Personal Jurisdiction, accompanied by a Memorandum in Support.
8. On February 7, 2002 the Court entered an oral order denying the Plaintiffs’ Motion regarding the Defendants’ access to the Tribe’s enrollment records and office. The Court did order the Plaintiffs, Defendants, and Tribe’s attorney to submit a proposed order regarding the handling of enrollment records in order to preserve and [sic ] chain of evidence issues that may rise in the course of the action.
9. At the February 7, 2002 hearing the Court also directed the Plaintiffs, Defendants, and MTC’s spokesman to submit memoranda of authorities on the issues raised in the pleadings to date, i.e. (1) the MTC and Ms. Eichelberg’s Motion to Dismiss for Lack of Personal Jurisdiction; (2) the sovereign immunity claims of the CoE and the MTC; (3) the CoE’s Motion to Exclude non-Indian press from any further proceedings in this action [1]; and (4) the CoE’s Motion for Appointment of Counsel for all members of the Mohegan Tribe who may be affected by the instant action.
10. At the February 7, 2002 hearing the Court also urged the parties to make their pleadings more definite, and in conformance with the Court Rules.
11. The Order from the February 7th hearing stated no further hearing would be held on the Motions of the parties unless a party requested one.
12. The CoE asked for a hearing on March 7, 2002. The hearing was initially scheduled for March 27, 2002, but was continued to April 16, 2002 upon a Motion to Continue filed by the Plaintiffs on March 18, 2002.
13. On March 19, 2002 the Court issued its own Order Establishing Protocol for Enrollment Records after reviewing the proposed orders of the litigants.
*480 14. The Plaintiffs filed a Motion to Re-cuse Chief Judge Anita Dupris on April 8, 2002.
TRIBE’S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
A. Positions of Litigants
The MTC moved to dismiss alleging the CoE failed to follow the Court Rules, and, therefore, neither the MTC, Chairman Brown, nor a tribal employee, Sandra Ei-chelberg, were properly before the Court. Specifically the MTC alleges (1) lack of adequate service of process; (2) neither the MTC, Chairman Brown, nor Ms. Ei-chelberg can be joined without the filing of a third-party complaint, with the attendant Summons and proper service of process; and (3) the filing of a Writ of Mandamus as part of the Answer does not automatically give the Court jurisdiction over “non-parties.” The MTC supports its arguments with statutory laws and the Mohegan Court Rules of Procedure (cited as Moh.R.P).
The CoE takes the position that the suit is brought against the Tribe, even though the named Defendants are the CoE and its members, which would include, apparently by default, the MTC and its Chairman. The CoE acknowledges the laws and rules governing procedures and asks the Court, as a matter of first impression, to apply a more liberal hand in the interests of resolving the issues of the case.[2]
The Court is acutely aware of the importance of the issues herein to the Mohegan Tribe. Issues of membership go to the heart of a Tribe and its existence. Such issues cannot be ignored or treated lightly. We are also aware this is a fledgling Court. We exist almost with a blank slate upon which the Mohegan Tribe and its members will write its history, its values, its parameters. A tribe’s Court is a reflection of the community, its needs, its boundaries.
That being said, no Court can survive without procedures. Procedures give the litigants and the community guidelines. When applied to all evenly, the procedures ensure equality and due process before the Court, no matter who the judge, and no matter who the litigant. Procedures promote judicial economy. These are not new concepts to those who practice-or have practiced law-in any other jurisdiction. Expectations cannot be less in this Tribal Court. This Court expects that spokesmen who come before it will know what the rales are and will follow them.
B. Applicable Laws and Rules and Analysis
Within the Complaint[3] or the Answer [4] a party must include any counterclaims, crossclaims, affirmative defenses, or Third-Party Complaints it wishes to raise.[5] A “party” is a plaintiff or a defendant.[6] A Third-Party Complaint is a complaint filed by a defendant in an action against a third party, in which the defendant claims the third party may be liable or responsible to the defendant for the claims asserted against the defendant by the plaintiff.[7] *481 This would make the third party a defendant as to the original defendant, who then would be designated not only the defendant, but also a Third-Party Plaintiff.
A cross-claim is a claim asserted by one defendant against another defendant, and is filed as part of an Answer.[8] The CoE did include its cross-claim against Ms. Ei-chelberg in its Answer. Ms. Eichelberg is not, however, named as a defendant in any part of the action. The CoE and its members are the only named Defendants in this action to date. The appropriate pleading for the CoE to file against Ms. Eichelberg would have been a Third-Party Complaint.
A Writ of Mandamus is defined in the Court Rules as: “A request for a court order to compel someone to perform a ministerial act or mandatory duty. The plaintiff must prove three things ...” [emphasis added].[9] Herein the CoE is not a named plaintiff. The MTC is correct in its assertion that it is not a named party in this action (i.e. neither a named plaintiff nor defendant). The CoE’s attempt to bring the MTC into the action in its Answer by attaching a Writ of Mandamus against the MTC Chairman is irregular. It, also does not comport with the Rules.
A Complaint (which would include a third-party complaint by its definition) is started first by filing it with the Clerk of the Mohegan Court.[10] The next step would be to serve the other party or parties [11] the Complaint (or Third-Party Complaint). The parties are served a Summons and are given an opportunity to file an Answer to the allegations in the Complaint.[12]
When the Mohegan Tribe is a party, the Complaint must “identify the department of government, enterprise, or name and capacity of the official or employee involved. In the case of an official or employee being sued, the Complaint should indicate whether the official or employee is being sued in his individual or official capacity or both.”[13] In order to perfect service against the Mohegan Tribe a copy of the Complaint and Summons must be given to (1) the Office of the Mohegan Tribal Legal Department; (2) the MTC Chairman; and (3) the Tribe’s Chief of Staff.[14]
Service on an individual is properly accomplished by (1) personally serving the pleading; or (2) by service on the abode; or (3) by certified mail.[15] This is the service required to make Ms. Eichelberg a party, providing the correct complaint was filed against her.
The CoE did not file an original Complaint or Third-Party Complaint against the MTC nor Ms. Eichelberg, nor Chairman Brown for any of its allegations against them. The CoE did not comply with the rules of service of process for the MTC, Chairman Brown, and Ms. Eichel-berg. The CoE’s arguments urging this Court to accept the manner it is attempting to bring the MTC, Chairman Brown and Ms. Eichelberg into the lawsuit are not persuasive. To ignore the rules at this juncture, both in the case and in the growth of the Court, would hinder, not *482 help, the development of the important issues raised, in this lawsuit.
An ideal “fix” would be for the CoE to have properly filed, and served, third-party complaints against anyone the CoE wants to bring into the lawsuit. It did not do this. Its arguments of indispensable party then could be addressed appropriately. The Court cannot address the alleged questions of equity and law raised by the CoE, no matter how important, unless, and until, everyone is afforded basic due process. For these reasons the Court will grant, without prejudice, the MTC, Chairman Brown, and Ms. Eiehelberg’s Motion to Dismiss for Lack of Personal Jurisdiction.[16]
It is ORDERED.

. The CoE has since withdrawn this Motion.

. The Plaintiffs take no position on the issue.

. Moh. R.P. § 2(g): a written statement filed by a plaintiff which starts the civil action and sets forth the facts supporting the plaintiff’s claim(s) against the defendant.

. Moh.R.P. § 2(c): a response to a Complaint which admits and/or denies the truth of any facts set forth in the Complaint....

. Moh.R.P. § 14.

. Moh.R.P. § 2(x).

. Moh.R.P §

. Moh.R.P. § 2(1).

. Moh.R.P. § 2(ff)-

. Moh.R.P. § 6(a).

. Parties are only called plaintiffs or defendants by definition, and would include third-party plaintiffs and defendants.

. Moh.R.P. § 7.

. Moh.R.P. § 11.

. Molí.R.P. ⅜ 7(g).

. Moh.R.P. § 7(e).

. The Court could, in its discretion, also give the Defendant’s time to amend its pleadings to conform with the findings of the Court. However, every time a new pleading is filed in this case it seems to raise a new issue or allegation. It would be cleaner to start over in this instance, and have all of the pleadings filed properly at the start of the case. The Court attempted to give the parties an opportunity to conform their pleadings to the Court Rules in its earlier rulings. This has not been accomplished yet.